UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT DELEON,<br><br>           Plaintiff,<br><br>   v.<br><br>BRYAN PHILLIPS, *et al.*,<br><br>           Defendants. | 1:24-cv-00234 EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS ACTION PROCEED ON PLAINTIFF'S EIGHTH AMENDMENT EXCESSIVE FORCE CLAIM AGAINST DEFENDANT S. SANTIAGO AND THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED<br><br>(ECF No. 11)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS<br><br>AND<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

   Plaintiff Vincent DeLeon is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on February 26, 2024. (ECF No. 1). Plaintiff alleged excessive use of force by correctional officers at California Substance Abuse Treatment Facility (CSATF).

   On April 19, 2024, the Court screened Plaintiff's complaint and found that "[w]hile the allegations in the complaint appear to state an incident of excessive force, it is not clear from the complaint who used force against him. Plaintiff lists several officers and the Warden of CSATF as defendants, but does not describe what any of them did in his description of the event." (ECF No. 10 at 1). The Court gave Plaintiff thirty days to either file an amended

1

complaint or notify the court that Plaintiff wants to stand on his original complaint. (*Id.* at 7). Plaintiff filed a First Amended Complaint on May 10, 2024 (ECF No. 11), which is now before the Court for screening.

The Court has reviewed the First Amended Complaint. Plaintiff generally alleges that defendant Steven Santiago, a correctional officer, slammed Plaintiff's head into a bunk while Plaintiff was handcuffed with his hands behind his back. Plaintiff alleges that the Warden did not take any action against Santiago, but instead gave him three months paid vacation.

For the reasons described below, the Court will recommend that this action proceed on Plaintiff's excessive force claim against correctional officer Steven Santiago. The Court will recommend that all other claims and defendants be dismissed.

Plaintiff has thirty days from the date of these findings and recommendations to file his objections.

**I.   SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

As Plaintiff is proceeding *in forma pauperis* (ECF No. 7), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.   SUMMARY OF PLAINTIFF'S AMENDED COMPLAINT**

In his amended complaint, Plaintiff sues two defendants: Bryan Phillips, Warden of CSATF, and Steven Santiago, Correctional Officer at CSATF. (ECF No. 11 at 2, 3).

Plaintiff alleges an excessive force claim. (*Id.* at 3). He states that July 20, 2023, around 9:35 am, CSATF prison D-4 was being searched. Correctional officer defendant Steven Santiago came to Plaintiff's cell door, kicked it, and told Plaintiff to wake up. Plaintiff has PTSD and other mental problems from military service. Plaintiff takes medications at night to help Plaintiff sleep through his night terrors. Taking these medications keeps Plaintiff in a constant state of drowsiness and when being woken up, his mind is still fuzzy. Santiago had Plaintiff "stripped out" and had Plaintiff turn around to have Plaintiff's back towards Santiago. Plaintiff was placed in flex cuffs and his door was opened. Santiago told Plaintiff to do something. Plaintiff complied, then he turned around to be escorted out. Next thing Plaintiff knew, he was being lifted off the ground like he was being tackled. Due to his hands being bound behind his back in flex cuffs, his head was slammed onto his bottom bunk, and he lost consciousness.

Upon waking, Plaintiff was in the room on a bench with CO's and nurses around him. (*Id.* at 4). A few were pressing on his forehead to try and stop the bleeding. He received 10 stitches. Due to Plaintiff experiencing problems with short-term memory, an MRI was done, which showed damage to the right hemisphere of his brain that controls short-term memory. Title 15 § 3268.3(f) since Plaintiff received a GBI,[1] Santiago's use of excessive force is use of deadly force. Santiago took advantage of Plaintiff in a vulnerable position, then he lied on the report to try and justify what he did. (*Id.*)

Plaintiff has difficulty remembering things, new information. (*Id.* at 4). If he stands up too fast, he loses consciousness. He has extreme light sensitives. Mental health had to prescribe him medication so he doesn't "freak out" when a CO walks up behind him. (*Id.*)

Not only did the Warden not take action towards Santiago for doing this, he was given a three month paid vacation. (*Id.* at 4).

---

[1] Presumably, "great bodily injury."

Plaintiff also refers to the "attached 602 decision." as well as Exhibits A and B for additional facts. (ECF No. 11 at 3, 4). Plaintiff attached relevant grievances and response to grievances, as well as staff reports and medical records related to this incident. (*Id.* at 6–41).

For relief, Plaintiff seeks monetary compensation for pain and suffering and future medical expenses; for Steven Santiago to be stripped of his job in law enforcement so he will not be able to do this to anyone else; and for the Warden to take action on his CO's to discourage them from this form of excessive use of force. (ECF No. 11 at 5).

### III.     LEGAL STANDARD FOR SECTION 1983 ACTIONS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th

1 Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal
2 connection may be established when an official sets in motion a 'series of acts by others which
3 the actor knows or reasonably should know would cause others to inflict' constitutional harms."
4 *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of
5 causation "closely resembles the standard 'foreseeability' formulation of proximate cause."
6 *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City*
7 *of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

8     **IV.**     **ANALYSIS OF PLAINTIFF'S COMPLAINT**
9         **A.**     **Excessive Force**

10     "In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places
11 restraints on prison officials, who may not … use excessive physical force against prisoners."
12 *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[W]henever prison officials stand accused of
13 using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry
14 is … whether force was applied in a good-*faith* effort to maintain or restore discipline, or
15 maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992).

16     When determining whether the force was excessive, the Court looks to the "extent of
17 injury suffered by an inmate…, the need for application of force, the relationship between that
18 need and the amount of force used, the threat 'reasonably perceived by the responsible
19 officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson*, 503
20 U.S. at 7 (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). While *de minimis* uses of
21 physical force generally do not implicate the Eighth Amendment, significant injury need not be
22 evident in the context of an excessive force claim, because "[w]hen prison officials maliciously
23 and sadistically use force to cause harm, contemporary standards of decency always are
24 violated." *Hudson*, 503 U.S. at 9.

25     As in his original complaint, Plaintiff alleges that he was handcuffed with hands behind
26 his back when he was lifted off the ground and his head slammed into the bottom bunk,
27 resulting in loss of consciousness, bleeding, and brain injury. Liberally construing these facts,
28 Plaintiff sufficiently describes force used for the purpose of maliciously and sadistically

1  causing harm. Unlike in his original complaint, however, Plaintiff's allegations and enclosed
2  exhibits[2] establish that it was Correctional Officer Santiago who used excessive force against
3  Plaintiff. Therefore, the Court finds that Plaintiff may proceed on his Eighth Amendment
4  excessive force claim against defendant Correctional Officer Steven Santiago.

### B.     Supervisory Liability

Plaintiff also names the Bryan Phillips, Warden of CSATF as a defendant. Supervisory personnel are not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *Iqbal*, 556 U.S. at 676–77; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that the supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (citations and internal quotation marks omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Under these legal standards, Plaintiff fails to state a claim for supervisory liability against Warden Philips. Plaintiff makes no allegation that the Warden was personally involved in the assault. Nor does Plaintiff allege that Warden Phillips instituted a policy that caused the use of force, that he knew of the alleged violation but failed to prevent it, or that he failed to train or supervise subordinates in a way that led to the alleged violation. The entirety of

---

[2] At the end of his amended complaint, apparently in response to the Court's screening order dated April 19, 2024 (ECF No. 10), Plaintiff states that he did not know he "was supposed to put the discovery when it was e-filed." (ECF No. 11 at 42). To be clear, Plaintiff is not required to file any exhibits with his complaint. (*See* Informational Order, ECF No. 3 at 3 ("[A] pro se plaintiff need not attach exhibits to his complaint to prove the truth of what is said in the complaint.") The Court mentioned the exhibits in the screening order (ECF No. 10 at 3) because Plaintiff referenced them in his original complaint.

6

Plaintiff's allegations against the Warden amount to a single sentence: "Not only did the Warden not take action towards Santiago for doing this, he was given a 3 month paid vacation." (ECF No. 11 at 4). These allegations are insufficient to state a claim.

### V.     CONCLUSION AND ORDER

The Court has screened the First Amended Complaint and finds that this action should proceed on the Plaintiff's Eighth Amendment excessive force claim against defendant Steven Santiago, a correctional officer. The Court also finds that all other claims and defendants should be dismissed.

The Court will not recommend further leave to amend. In the Court's prior screening order (ECF No. 10), the Court identified deficiencies in Plaintiff's complaint, provided Plaintiff with relevant legal standards, and provided Plaintiff with an opportunity to amend his complaint. Plaintiff filed his First Amended Complaint with the benefit of the Court's screening order. Thus, it appears that further leave to amend would be futile.

Accordingly, **IT IS ORDERED** that the Clerk of Court shall assign a district judge to this case.

In addition, **IT IS RECOMMENDED** that:

1. This case proceeds on Plaintiff's Eighth Amendment excessive force claim against defendant Steven Santiago, a correctional officer at CSATF.
2. All other claims and defendants be dismissed for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

\\\
\\\
\\\
\\\

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 20, 2024**                                         /s/ Erica P. Grosjean
                                                              UNITED STATES MAGISTRATE JUDGE

8