UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT ALEX DELEON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STEVEN SANTIAGO,<br><br>　　　　Defendant. | Case No. 1:24-cv-00234-KES-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 47) |

　　　　Plaintiff Vincent DeLeon is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

　　　　On September 11, 2025, Plaintiff filed a motion for appointment of counsel. (ECF No. 47). Plaintiff states that he is representing himself in this matter and is unable to adequately represent himself due to his multiple disabling conditions that impair his ability to litigate this case. (*Id.*). Specifically, Plaintiff claims he suffers from a combination of pre-existing military service-related disabilities, prior violent trauma, and a traumatic brain injury the result of which this action is based on. (*Id.*)

　　　　Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), even if he is indigent, and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional

1

circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. A finding of exceptional circumstances requires an evaluation of both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

At this time, the Court declines to appoint counsel for Plaintiff. After reviewing the record, the Court is unable to determine whether Plaintiff is likely to succeed on the merits of his claims. Moreover, Plaintiff appears capable of clearly articulating his points, correctly referencing binding authority to support those points, and arguing the legal issues of his case, without the assistance of counsel.

However, Plaintiff is advised that he is not precluded from renewing his request for appointment of counsel at a later stage of the proceedings.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 47) is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated:  **October 1, 2025**                    /s/ Erica P. Grosjean
                                               UNITED STATES MAGISTRATE JUDGE