UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT DELEON,<br><br>               Plaintiff,<br><br>    v.<br><br>PHILLIPS, *et al.*,<br><br>               Defendant. | 1:24-cv-00234-KES-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT[1] BE DENIED<br><br>(ECF No. 56)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

Plaintiff Vincent DeLeon is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on February 26, 2024. (ECF No. 1). Plaintiff alleged excessive use of force at California Substance Abuse Treatment Facility (CSATF).

Following screening of Plaintiff's original complaint and filing of a first amended complaint, Plaintiff's case now proceeds on against Defendant Steven Santiago, a correctional officer at California Substance Abuse Treatment Facility, for excessive force in violation of the Eighth Amendment. (ECF Nos. 11, 14).  The deadline to complete non-expert discovery is currently March 18, 2026.

\\\

---

[1] Plaintiff's motion asks for leave to file a "Third Amended Complaint."  However, as the operative complaint in this action is the First Amended Complaint (ECF No. 11), an amended complaint would be the Second Amended Complaint.

1

On February 13, 2026, Plaintiff filed a motion for leave to file a further amended complaint and lodged the proposed amended complaint with the Court. (ECF Nos. 56 and 57). Plaintiff seeks to add previously dismissed Defendant Warden Bryan Phillips, as well as eight additional defendants: Correctional Officer N. Bonilla, Correctional Officer I. Rodriguez, Correctional Lieutenant J. Ervin, Correctional Captain J. Sherman, S. Rodriguez, Correctional Sergeant J. Herrmann, Correctional Lieutenant J. Barrios, and CDCR. Plaintiff also seeks to add twelve additional claims for various violations.

For the following reasons, the Court recommends that Plaintiff's motion for leave to file an amended complaint (ECF No. 56) be DENIED.

## I.   BACKGROUND

### A.   Plaintiff's Initial Complaint

Plaintiff filed his initial complaint on February 26, 2024. (ECF No. 1).  Plaintiff's complaint named as Defendants Bryan Phillips, Warden of CSATF; J. Ervin, D Yard Lieutenant at CSATF; J. Sherman, D Yard Captain at CSATF; S. Santiago, Gym Officer at CSATF. (ECF No. 1 at 3). Plaintiff's complaint asserted an excessive force claim related to an incident on July 20, 2023.  Plaintiff alleged that S. Santiago came to Plaintiff's cell door, kicked it, and told Plaintiff to get up. Santiago had Plaintiff "strip out" and zip cuffed his hands behind his back before his cell door was opened. Plaintiff turned around to be escorted out backwards. Next thing Plaintiff knew, he was being lifted off the ground and since his hands were cuffed behind his back, his head was slammed onto his bottom bunk, and he lost consciousness.

On April 19, 2024, the Court screened Plaintiff's complaint and found that while the allegations in the complaint appeared to describe an incident of excessive force, it was not clear from the complaint who used force against him. Plaintiff listed several officers and the Warden of CSATF as defendants but did not describe what any of them did in his description of the event. (ECF No. 10).

As to his claim of Supervisor Liability against Warden Phillips, the Court's screening order explained, "Plaintiff fails to state a claim for supervisory liability against Warden Philips.

2

Plaintiff makes no allegation that the Warden was personally involved in the assault. Nor does Plaintiff allege that Warden Phillips instituted a policy that caused the use of force, that he knew of the alleged violation but failed to prevent it, or that he failed to train or supervise subordinates in a way that led to the alleged violation." (*Id.* at 6).

The Court provided Plaintiff with leave to file an amended complaint. (*Id.* at 1).

**B.     Plaintiff's First Amended Complaint**

Plaintiff filed a First Amended Complaint on May 10, 2024. (ECF No. 11). Plaintiff's First Amended Complaint generally alleged that Defendant Steven Santiago, a correctional officer, slammed Plaintiff's head into a bunk while Plaintiff was handcuffed with his hands behind his back. It also alleged that the Warden did not take any action against Santiago but instead gave him three months paid vacation. (*Id.* at 2).

The Court screened Plaintiff's First Amended Complaint on May 21, 2024, and issued Findings and Recommendations that the Action Proceed on Plaintiff's Eighth Amendment Excessive Force Claim Against Defendant S. Santiago, and that All Other Claims and Defendants Be Dismissed.  (ECF No. 11).  The Court recommended that the action proceed only against Defendant Santiago on a claim of excessive force in violation of the Eighth Amendment. The Court found that Plaintiff's First Amended Complaint failed to state a claim for supervisory liability against Warden Philips because it did not allege that the Warden was personally involved in the assault, instituted a policy that caused the use of force, knew of the alleged violation but failed to prevent it, or failed to train or supervise subordinates in a way that led to the alleged violation.

On October 15, 2024, the presiding District Judge, Kirk E. Sherriff, adopted the Findings and Recommendations and ordered that "[t]his case shall PROCEED on plaintiff's claim of excessive force against defendant Steven Santiago, a correctional officer at CSATF;" and "[a]ll other claims and defendants are DISMISSED for failure to state a claim upon which relief may be granted."  (ECF No. 14).

**C.     Case Proceeds Against Defendant Santiago**

The case has proceeded against Defendant Santiago since that time.  Defendant

Santiago was served with the first amended complaint.  (ECF No. 15, 16).  The parties participated in a settlement conference on May 23, 2025.  (ECF No. 36).  The Court opened discovery on July 21, 2025.  (ECF No. 45).  According to the current schedule, non-expert discovery is set to close on March 18, 2026.  (ECF No. 46).

## II.      PLAINTIFF'S MOTION FOR LEAVE TO AMEND

On February 13, 2026, Plaintiff filed a motion for leave to file a[n] amended complaint and lodged the proposed amended complaint. (ECF Nos. 56, 57). Plaintiff seeks leave to add nine new defendants, reinstate Warden Bryan Philips, and assert twelve new causes of action. Plaintiff's motion argues that documents produced in discovery have revealed:

> (1) identities of rules of additional correctional officers who filed false reports regarding the July 20, 2023 use of force incident; (2) the identities of supervisory personnel involved in the investigation and disciplinary proceedings who ratified Defendant Santiago's misconduct; (3) evidence of a coordinated conspiracy to cover up the excessive force through false official reports; and (4) evidence that Defendant Santiago has an extensive history of misconduct, including evidence tampering and filing false reports—that was known to his supervisors, who failed to train, supervise, or discipline him, and (5) evidence that Warden Bryan Philips, as the final reviewing authority, had personal knowledge of Santiago's prior misconduct and ratified the constitutional violations against Plaintiff.

(ECF No. 56 at 2).

Specifically, Plaintiff's proposed amended complaint alleges that Correctional Officers I. Salcedo, N. Bonilla, and I. Rodriguez, filed false official reports regarding the July 20, 2023, incident that corroborated Defendant Santiago's false narrative and helped cover up the excessive force.  Sergeant I. Salcedo was the immediate supervisor present during the incident who also filed a false report. Lieutenant J. Ervin was the incident Commander and was responsible for investigating both the use of force and the retaliatory Rules Violation Report ("RVR") for Defendant.  Captain J. Sherman, the Facility D Commander, S. Rodriguez, Sergeant J. Herrmann, and Lieutenant J. Barrios, were involved in the adjudication of the RVR investigation and ratified Defendant Santiago's misconduct.  Defendant Santiago had an extensive history of misconduct, including prior findings that "he tampered with evidence to cause a false positive urine analysis test result in order to maliciously implicate an inmate." Sergeant J. Hermann previously "vouched" for Santiago's credibility in a prior investigation

involving Santiago's misconduct, resulting in Herrman being demoted from his supervisor role. There was a coordinated conspiracy among the Defendants to justify the excessive force through false reports and to retaliate against Plaintiff through a malicious and false RVR. Warden Phillips ratified the constitutional violations by approving the biased investigation and RVR adjudication despite the obvious conflicts of interest and due process violations. (*Id.* at 5-6).

Based on this evidence, Plaintiff seeks leave to amend his complaint and add nine new defendants: Correctional Officer N. Bonilla, Correctional Officer I. Rodriguez, Correctional Lieutenant J. Ervin, Correctional Captain J. Sherman, S. Rodriguez, Correctional Sergeant J. Herrmann, Correctional Lieutenant J. Barrios, and CDCR; and reinstate the previously dismissed defendant, Warden Philips.

Plaintiff also seeks to add twelve additional claims including Failure to Intervene in violation of the Eighth Amendment; Supervisory Liability for Failure to Train, Supervise, Discipline; Fabrication of Evidence/Filing False Reports; Retaliation in violation of the First Amendment, Due Process in violation of the Fourteenth Amendment;  Civil Rights Conspiracy; Failure to Prevent Conspiracy; Violation of the Tome Bane Civils Rights Act; Battery; Intentional Infliction of Emotional Distress; Defamation; Vicarious Liability/Respondeat Superior. (ECF No. 57 at 12-20).[2]

### III.    LEGAL STANDARDS

Under Rule 15(a), a party may amend a pleading once as a matter of course within twenty-one days of service, or if the pleading is one to which a response is required, twenty-one days after service of a motion under Rule 12(b), (e), or (f).  Fed. R. Civ. P. 15(a)(1)(B).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).

Granting or denying leave to amend is in the discretion of the Court.  *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996).  "In exercising this discretion, a court

---

[2] Defendant did respond to Plaintiff's motion for leave to amend, and the time to do so has passed.

must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the plaintiff has previously amended the complaint." *Desertrain v. City of Los Angeles,* 754 F.3d 1147, 1154 (9th Cir. 2014) (citation omitted); *see also Eminence Cap., LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003) ("Prejudice is the 'touchstone of the inquiry under rule 15(a).'") (citation omitted).

"Although leave to amend 'shall be freely given when justice so requires,' Fed.R.Civ.P. 15(a), it 'is not to be granted automatically.'" *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citations omitted). "Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal." *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018).

"[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Royal Ins. Co. of Am. v. Sw. Marine*, 194 F.3d 1009, 1016–17 (9th Cir. 1999). "Although delay is not a dispositive factor in the amendment analysis, it is relevant, especially when no reason is given for the delay." *Lockheed Martin Corp. v. Network Sols., Inc.,* 194 F.3d 980, 986 (9th Cir. 1999) (citations omitted); *See also Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991) (an eight-month delay from time of obtaining facts until filing amended complaint is unreasonable) (citing *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990)).

**IV.    ANALYSIS**

The Court recommends denying Plaintiff's motion for leave to file a further amended complaint.

The Court has examined the factors relevant to whether to grant leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the plaintiff has previously amended the complaint.

As an initial matter, the Court finds no evidence of bad faith by the Plaintiff.

However, the Court does find undue delay.  This case has been pending for more than two years.  Plaintiff has already amended his complaint, and the case has proceeded through discovery.  Plaintiff's motion argues that he did not unduly delay in bringing these claims because he learned of the underlying facts in newly produced discovery.  However, most of the newly asserted claims concern the prison's filing of an RVR against Plaintiff following the incident, accusing Plaintiff of "Willfully Resisting a Peace Officer in the Performance of Duties."  (ECF No. 57, at p. 8).  Plaintiff claims that this RVR was false and "was filed to justify the unjustified use of force and to retaliation against Plaintiff for being the victim of Santiago's assault."  (ECF No. 57, at p. 8).

Plaintiff does not allege when this RVR was filed against him, although it is likely that it was filed shortly after underlying incident on January 20, 2023.  In any event, Plaintiff had personal knowledge about this RVR because he participated in the disciplinary proceedings.  Thus, Defendants' recent production of discovery is not a valid excuse for failing to amend his complaint at an earlier time.

The Court also finds that further amendment would prejudice the opposing party, Defendant Santiago.  If Plaintiff is permitted to file a further amended complaint, the Court would need to screen the second amended complaint, issue Findings and Recommendations consistent with its screening order, serve any new defendants, and allow those new defendants to participate in discovery.  This would result in substantial delay to this case against Defendant Santiago.

Turning to futility of the amendment, while the Court has not conducted a full screening of the proposed amended complaint, it notes that several claims are futile.  For example, the CDCR is not a proper defendant under 1983. *Brown v. California Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009) ("The district court correctly held that the California Department of Corrections and the California Board of Prison Terms were entitled to Eleventh Amendment immunity."); *Est. of Sumner v. California Dep't of Corr. & Rehab.*, No. 2:22-CV-01638-JAM-DB, 2023 WL 3304233, at *2 (E.D. Cal. May 8, 2023) ("CDCR did not waive, nor has

7

Congress abrogated, its immunity under the Eleventh Amendment. In turn, the Eleventh Amendment unequivocally precludes Plaintiffs claims against CDCR. The Court therefore finds Plaintiffs failed to state a plausible cause of action against CDCR and dismisses their claims accordingly."). Additionally, Plaintiff's amended complaint fails to include facts supporting his allegations that certain Supervisory Defendants—Lt. Ervin, Capt. Sherman, Sgt. Salcedo, Sgt. Herrmann, and Lt. Barrios—had knowledge of Defendant Santiago's propensity for misconduct and failed to act. (ECF No. 57 at 14). *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) ("A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'"). Plaintiff's amended complaint also fails to state a First Amendment retaliation claim because it does not allege that the RVR was filed in retaliation for Plaintiff exercising constitutionally protected conduct. *See Brodheim v. Cry* 584 F.3d 1262, 1271 (9th Cir. 2009) ("To prevail on a retaliation claim, a plaintiff must show that his protected conduct was the substantial or motivating factor behind the defendant's conduct.") (internal quotations omitted). Instead, Plaintiff alleges that the RVR was filed "to provide a consistent false narrative that would justify the excessive force and shield Santiago from accountability." (ECF No. 57, at p. 8). Plaintiff's state law claims are also subject to dismissal because Plaintiff's amended complaint fails to allege compliance with California's Government Claims Act,[3] which requires that a claim against the State[4] or its employees "relating to a cause of action for death or for injury to person" be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2.

\\\

---

[3] This Act was formerly known as the California Tort Claims Act. *City of Stockton v. Superior Court*, 42 Cal. 4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

[4] "'State' means the State and any office, officer, department, division, bureau, board, commission or agency of the State claims against which are paid by warrants drawn by the Controller." Cal. Gov't Code § 900.6.

Turning to the last factor, Plaintiff has previously amended his complaint following the Court's screening order.  (ECF No. 11).

Thus, after consideration of the relevant factors, the Court recommends denying Plaintiff's motion for leave to file a further amended complaint.

## V.    CONCLUSION AND RECOMMENDATION

Accordingly, IT IS RECOMMENDED that:

1.  Plaintiff's motion for leave to file a [second] amended complaint (ECF No. 56) be **DENIED.**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen pages, including exhibits. Any reply to the objections shall be served and filed within fourteen days after service of the objections.

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **March 12, 2026**            /s/ _Erin P. Grosjean_
                              UNITED STATES MAGISTRATE JUDGE