ROB BONTA, State Bar No. 202668
Attorney General of California
TYLER V. HEATH, State Bar No. 271478
Supervising Deputy Attorney General
BRIAN S. CHAN, State Bar No. 299926
Deputy Attorney General
 1300 I Street, Suite 125
 Sacramento, CA 95814
 Telephone: (916) 210-7368
 Fax: (916) 324-5205
 E-mail: Brian.Chan@doj.ca.gov
*Attorneys for Defendant Santiago*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **VINCENT DELEON,**<br><br>Plaintiff,<br><br>v.<br><br>**PHILLIPS, et al.,**<br><br>Defendants. | 1:24-cv-00234 KES EPG (PC)<br><br>**DEFENDANT'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

Pursuant to Local Rule 260(a) and Federal Rule of Civil Procedure 56, Defendant submits the following statement of undisputed facts in support of his motion for summary judgment. These facts are undisputed for purposes of this motion only, and Defendant reserves the right to present different or additional facts in any future motion or at trial.

/ / /

/ / /

/ / /

1

| UNDISPUTED MATERIAL FACT | SUPPORTING EVIDENCE |
|---|---|
| 1.  During the events at issue in this case, Plaintiff Vincent DeLeon (CDCR No. BA-2490), was an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) and was housed at California Substance Abuse Treatment Facility. | Amend. Compl., ECF No. 11 at 3; Decl. of S. Santiago (Santiago Decl.) ¶ 3. |
| 2.  During the events at issue, Officer Santiago was assigned to work as a Security Escort Officer in Facility D at SATF. | Santiago Decl. ¶¶ 1-3. |
| 3.  On July 20, 2023, DeLeon was being housed in Cell 104 in Facility D at SATF. | ECF No. 11 at 3; Santiago Decl. ¶¶ 3-4. |
| 4.  On July 20, 2023, at approximately 9:35 a.m., Officer Santiago assisted other correctional officers with a mass search of Building 4 in Facility D for contraband because several other inmates in that building had recently suffered overdoses. | Santiago Decl. ¶ 3; |
| 5.  Early into the mass search of Building 4, Officer Santiago approached DeLeon's cell, and instructed DeLeon to wake up and turn on the lights because correctional staff were conducting cell searches for the building and that he would need to come out of his cell | Santiago Decl. ¶ 4. |
| 6.  After DeLeon stood up from the bottom bunk and turned on the light, Officer Santiago ordered DeLeon to submit to an unclothed body search and to hand over his clothes for inspection. | ECF No. 11 at 3; Santiago Decl. ¶ 4. |
| 7.  DeLeon complied and handed over his clothes through the cell door's food port, and Officer Santiago performed a search of DeLeon's clothing that found no weapons or contraband. | ECF No. 11 at 3; Santiago Decl. ¶ 4. |
| 8.  After Officer Santiago handed DeLeon back his clothes, and after DeLeon dressed and returned to the lower bunk, Officer Santiago continued to visually monitor DeLeon for any suspicious activity. | Santiago Decl. ¶ 5. |
| 9.  Officer Santiago observed that DeLeon picked up an unknown object near where he was sitting on the lower bunk. | Santiago Decl. ¶ 5. |
| 10.  Officer Santiago ordered DeLeon to then turn around and submit to flex cuffs. | ECF No. 11 at 3; Santiago Decl. ¶ 6. |

2

| | |
|---|---|
| 11.  As DeLeon was turning towards the food port, Officer Santiago observed DeLeon reach inside his left side short pocket, retrieve an unknown object with his left hand, bring the unknown object up towards his facial area, and when his hand came back down, he no longer had the object in his hand. | Santiago Decl. ¶ 6. |
| 12.  After Officer Santiago placed DeLeon in flex cuffs behind his body, Officer Santiago asked the control booth officer to open Cell 104. | Santiago Decl. ¶ 7; Decl. of Brian S. Chan (Chan Decl.) Exh. A, Santiago Body Camera Footage, at 00:01-00:06. |
| 13.  As DeLeon stood at the threshold of the cell, Officer Santiago observed that DeLeon appeared to have something inside of his mouth. | Santiago Decl. ¶ 7. |
| 14.  Officer Santiago gave DeLeon a direct order to open his mouth and stick out his tongue, which he obeyed. | Santiago Decl. ¶ 7; Chan Decl. Exh. A at 00:07-00:09. |
| 15.  When Officer Santiago then ordered DeLeon to lift his tongue up, DeLeon closed his mouth to move what he had under his tongue to the top of his mouth. | Santiago Decl. ¶ 7; Chan Decl. Exh. A at 00:09-00:11. |
| 16.  DeLeon then reopened his mouth, and as he lifted his tongue, Officer Santiago observed an unknown object inside of his mouth that appeared to be a "bindle." | Santiago Decl. ¶ 7; Chan Decl. Exh. A at 00:10-00:12. |
| 17.  In prison, the term "bindle" is used to describe a small package or bundle that is commonly used to conceal drugs. | Santiago Decl. ¶ 7. |
| 18.  Officer Santiago gave DeLeon a direct order to spit out the "bindle" he had in his mouth, and DeLeon refused to obey that order. | Santiago Decl. ¶ 7; Chan Decl. Exh. A at 00:10-00:15. |
| 19.  After placing his right hand on DeLeon's right forearm, Officer Santiago turned and advised Sergeant Saucedo, who was standing nearby, that DeLeon might have a "bindle" in his mouth. | Santiago Decl. ¶ 8; Chan Decl. Exh. A at 00:15-00:18. |
| 20.  As Officer Santiago turned his attention back to DeLeon, DeLeon attempted to pull away from Officer Santiago's grip by bending at the waist and in a lunging motion turned his body counterclockwise back towards the toilet inside of his cell. | Santiago Decl. ¶ 8; Chan Decl. Exh. A at 00:18-00:20. |
| 21.  When DeLeon suddenly moved and turned, Officer Santiago immediately became afraid for his own physical safety because he did not know DeLeon's intentions.  Based on DeLeon's apparent attempt to hide contraband inside his mouth, Officer Santiago did not know if DeLeon also had a weapon on his body or in his cell and was turning to retrieve the weapon. | Santiago Decl. ¶ 9. |

3

| | |
|---|---|
| 22. At the time of the incident, Officer Santiago was approximately five-foot-three in height and weighed about two-hundred-and-fifteen pounds. In contrast, DeLeon appeared to Officer Santiago to be over six feet in height and appeared to weigh much more than he did. | Santiago Decl. ¶ 9; *See generally* Chan Decl. Ex. A; Depo. Transcript of Vincent DeLeon, Chan Decl. Ex. D, at 64:18-65:6. |
| 23. Even though DeLeon was still flex-cuffed behind his back, Officer Santiago was still afraid for his own physical safety because DeLeon's greater height and body weight would allow him to break free from his hold on his right arm, and once DeLeon was free from Officer Santiago's physical hold, DeLeon could still seriously injure Officer Santiago or others if he turned and charged at him or other nearby officers | Santiago Decl. ¶ 9. |
| 24. In response to DeLeon's sudden movement and turning his body, and based on Officer Santiago's concern for his own physical safety and the safety of others, Officer Santiago immediately used both of his hands and his body weight to push DeLeon forward and into his cell. | Santiago Decl. ¶ 10; Chan Decl. Exh. A at 00:20-00:23. . |
| 25. DeLeon then appeared to lose his balance, trip over the toilet bowl, and fall towards the bottom bunk. | Santiago Decl. ¶ 10; Chan Decl. Exh. A at 00:20-00:23. |
| 26. Due to Officer Santiago's surprise and his attempt to regain his own footing after pushing DeLeon, Officer Santiago was unable to see if DeLeon struck anything during his fall. | Santiago Decl. ¶ 10. |
| 27. When Officer Santiago pushed DeLeon back into his cell, Officer Santiago's goal for using that force was to create some distance between DeLeon and himself, and to contain DeLeon within his cell. Officer Santiago did not use force on DeLeon with the goal of having him hit his head or suffer any other serious injury. | Santiago Decl. ¶ 10. |
| 28. Responding staff immediately arrived and assisted Officer Santiago with taking DeLeon into custody. | Santiago Decl. ¶ 11; Chan Decl. Exh. A at 00:22-31. |
| 29. As the officers helped DeLeon back up onto his feet and attempted to escort him out of the cell, DeLeon physically resisted being led out and instead bent his head and body towards the toilet again. | Santiago Decl. ¶ 11; Chan Decl. Exh. A at 00:31-00:44; Chan Decl. Exh. B, Officer M. Altamirano's Body Camera Footage, at 00:27-00:44. |
| 30. DeLeon used his head to press the toilet's flush button in order to flush the unknown object he had hidden inside of his mouth down the toilet. | Santiago Decl. ¶ 11; Chan Decl. Exh. A at 00:31-00:44; Chan Decl. Exh. B, Officer M. Altamirano's Body Camera Footage, at 00:27-00:44. |

4

| | |
|---|---|
| 31.  DeLeon was then escorted outside of his cell to one of the tables in the day room, where Officer Santiago observed Plaintiff appeared to have a laceration in the middle of his forehead that was actively bleeding. | Santiago Decl. ¶ 11; Chan Decl. Exh. A at 00:44-00:50; Chan Decl. Ex. C, CDCR 7219. |
| 32.  Medical staff were immediately notified about Plaintiff's injury, and once an Emergency Response Vehicle arrived at the building, another correctional officer escorted DeLeon out of the building to the Triage and Treatment Area. | Santiago Decl. ¶ 11. |

Dated:  May 22, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
TYLER V. HEATH
Supervising Deputy Attorney General


*/s/ Brian S. Chan*
BRIAN S. CHAN
Deputy Attorney General
*Attorneys for Defendant Santiago*

SA2024305582
Statement of Undisputed Facts in Support of MSJ

5

Def.'s Statement of Undisputed Facts in Supp. Mot. Summ. J.  (1:24-cv-00234 KES EPG (PC))