VINCENT ALEX DeLEON
CDCR #BA2490
CSP Corcoran
P.O. Box 3461
Corcoran, CA 93212-3461

*Plaintiff, Pro Se*

LODGED

FEB 13 2026

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY ____ DEPUTY CLERK

FILED
Aug 07, 2026
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**UNITED STATES DISTRIC COURT**

**EASTERN DISTRIC OF CALIFORNIA**

**FRESNO DIVISION**

VINCENT ALEX DeLEON,
Plaintiff,

v.

CORRECTIONAL OFFICER STEVEN SANTIAGO, in his individual capacity;
CORRECTIONAL SERGEANT I. SALCEDO, in his individual capacity;
CORRECTIONAL OFFICER N. BONILLA, in his individual capacity;
CORRECTIONAL OFFICER I. RODRIGUEZ, in his individual capacity;
CORRECTIONAL LIEUTENANT J. ERVIN, in his individual capacity;
CORRECTIONAL CAPTAIN J. SHERMAN, in his individual capacity;
S. RODRIGUEZ in his individual capacity;
CORRECTIONAL SERGEANT J. HERRMANN, in his individual capacity;
CORRECTIONAL LIEUTENANT J. BARRIOS, in his individual capacity;
WARDEN BRYAN PHILLIPS, in his individual capacity;
CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR);
Defendants.

**Case No.: 1:24-cv-00234-KES-EPG**

**THIRD AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**Pleading Title**CIVIL RIGHTS ACTION PURSUANT TO:
42 U.S.C. § 1983
42 U.S.C. § 1985(3)
42 U.S.C. § 1986
California Civil Code § 52.1 (Bane Act)
California Common Law Torts

JURY TRIAL DEMANDED

RECEIVED

FEB 13 2026

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY ____ DEPUTY CLERK

## INTRODUCTION

**1.** Plaintiff Vincent Alex DeLeon ('Plaintiff' or "DeLeon"), a state prisoner withing the custody of the California Department of Corrections and Rehabilitation ("CDCR") brings this civil rights action against the above-named Defendants for violations of his constitutional rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as violations of California state law, arising from an incident of excessive

///

and unnecessary force that occurred on July 20, 2023, at the Substance Abuse Treatment Facility ("SATF"), a California state prison located in Corcoran, California.

**2.** On July 20, 2023, Defendant Correctional Officer Steven Santiago, without justification or provocation, used excessive and unnecessary force against Plaintiff while Plaintiff was physically restrained with his hands cuffed behind his back, slamming Plaintiff's head into a metal bunk and causing serious bodily injury, including a large gash requiring hospital treatment, stiches, and resulting in traumatic bran injury with permanent cognitive impairment.

**3.** Following this brutal and unprovoked attack, Defendant Santiago and his co-Defendants engaged in a coordinated conspiracy to cover up the excessive force by filing false official reports, maliciously prosecuting Plaintiff through a retaliatory Rules Violation Report ("RVR"), and denying Plaintiff due process during the disciplinary proceedings. Defendant Santiago's supervisors, despite knowledge of his extensive history of misconduct including prior findings of evidence tampering and false reporting, failed to adequately train, supervise, or discipline him, and instead ratified his unconstitutional conduct.

**4.** Plaintiff seeks compensatory damages, punitive damages, statutory damages, declaratory relief, injunctive relief, and all other relief to which he is entitled.

## JURISDICTION AND VENUE

**5.** This Court has original federal question jurisdiction over the federal claims in this action pursuant to 28 U.S.C § 1331 BECAUSE THIS ACTION ARISES UNDER THE Constitution and laws of the United States, specifically 42 U.S.C. § § 1983, 1985, and 1986.

**6.** This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

**7.** Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, specifically at SATF in Corcoran, Kings County, California.

**8.** An actual controversy exists between the parties withing the meaning of 28 U.S.C. § 2201, and this Court may grant declaratory relief.

///

## PROCEDURAL COMPLIANCE

**9.** Plaintiff has exhausted all available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Plaintiff filed all required grievances through CDCR's administrative grievance process, and those grievances were either denied at all levels of review or Plaintiff was otherwise excused from further exhaustion.

**10.** Plaintiff has complied with the California Government Claims Act (California Government Code §§ 900 et seq.) by filing a timely tort claim with the California Victim Compensation Board and/or the appropriate state agency within six months of the accrual of his state law causes of action. The claim was rejected or deemed rejected, and this action is timely filed within six months of the rejection or deemed rejection.

**11.** All causes of action asserted herein are timely brought within the applicable statutes of limitations, as tolled by any applicable tolling provisions, including but not limited to equitable tolling, the discovery rule, and California Code of Civil Procedure § 352.1 (tolling for imprisonment).

## PARTIES

**Plaintiff**

**12.** Plaintiff VINCENT ALEX DeLEON is, and at all times relevant hereto was, a state prisoner within the custody of CDCR. At the time of the events giving rise to this action, Plaintiff was housed at SATF on D-Yard, Building 4, Cell 104. Plaintiff brings this action in his individual capacity.

**Defendants**

**13.** Defendant CORRECTIONAL OFFICER STEVEN SANTIAGO ("Santiago") is, and at all times relevant hereto was, employed by CDCR as a Correctional Officer at SATF. Santiago is a resident of California and acted under color of state law at all times relevant to this Complaint. Santiago is sued in his individual capacity for compensatory damages, punitive damages, and other relief. Santiago was the primary actor and officer who used excessive and unnecessary force against Plaintiff and who filed a false and retaliatory RVR against Plaintiff. Upon information and belief, Santiago has an extensive documented history of misconduct, including prior findings of evidence tampering, filing false reports, and making false accusations against inmates.

**14.** Defendant CORRECTIONAL SERGEANT I. SALCEDO ("Sgt. Salcedo") is, and at all times relevant hereto was, employed by CDCR as a Correctional Sergeant at SATF. Sgt. Salcedo is a resident of California and acted under color of state law at all times relevant to this Complaint. Sgt. Salcedo is sued in his individual capacity.

Sgt. Salcedo was the immediate supervisor present during the incident who had a duty to supervise Officer Santiago and to intervene to prevent the use of excessive force. Sgt. Salcedo also filed a false official report regarding the incident. Sgt. Salcedo is a supervisory defendant.

**15.** Defendant CORRECTIONAL OFFICER N. BONILLA ("Bonilla") is, and at all times relevant hereto was, employed by CDCR as a Correctional Officer at SATF. Bonilla is a resident of California and acted under color of state law at all times relevant to this Complaint. Bonilla is sued in his individual capacity. Bonilla filed a false official report regarding the incident of the use of force by Officer Santiago.

**16.** Defendant CORRECTIONAL OFFICER I. RODRIGUEZ ("Rodriguez") is, and at all times relevant hereto was, employed by CDCR as a Correctional Officer at SATF. Rodriguez is a resident of California and acted under color of state law at all times relevant to this Complaint. Rodriguez is sued in his individual capacity. Rodriguez filed a false official report regarding the incident of the use of force by Officer Santiago.

**17.** Defendant CORRECTIONAL LIEUTENANT J. ERVIN ("Lt. Ervin") is, and at all times relevant hereto was, employed by CDCR as a Correctional Lieutenant at SATF. Lt. Ervin is a resident of California and acted under color of state law at all times relevant to this Complaint. Lt. Ervin is sued in his individual capacity. Lt. Ervin was the direct supervisor of Officer Santiago and failed to properly train, supervise, and discipline Santiago despite knowledge of Santiago's history of misconduct. Lt. Ervin also assumed the role of Incident Commander responsible for investigating both the use of force by Santiago and the RVR filed by Santiago against Plaintiff, creating an inherent conflict of interest. Lt. Ervin conspired with Santiago to justify the use of force through a malicious and retaliatory RVR. Lt. Ervin failed to adequately investigate the use of force and failed to discipline Santiago for the unauthorized use of force against a restrained inmate. Lt. Ervin is a supervisory defendant.

**18.** Defendant CORRECTIONAL CAPTAIN J. SHERMAN ("Capt. Sherman") is, and at all times relevant hereto was, employed by CDCR as a Correctional Captain at SATF, serving as the Facility D Commander. Capt. Sherman is a resident of California and acted under color of state law at all times relevant to this Complaint. Capt. Sherman is sued in his individual capacity. Capt. Sherman was involved in the adjudication of the RVR investigation and ratified Officer Santiago's misconduct. Capt. Sherman was part of the conspiracy to retaliate against Plaintiff through the malicious RVR and discipline without due process. Capt. Sherman is a supervisory defendant.

///

**19.** Defendant S. RODRIGUEZ ("S. Rodriguez") is, and at all times relevant hereto was, employed by CDCR at SATF in an unknown rank or capacity. S. Rodriguez is a resident of California and acted under color of state law at all times relevant to this Complaint. S. Rodriguez is sued in his individual capacity. S. Rodriguez was involved in the adjudication of the RVR investigation against Plaintiff and ratified Officer Santiago's misconduct.

**20.** Defendant CORRECTIONAL SERGEANT J. HERRMANN ("Sgt. Herrmann") is, and at all times relevant hereto was, employed by CDCR as a Correctional Sergeant at SATF. Sgt. Herrmann is a resident of California and acted under color of state law at all times relevant to this Complaint. Sgt. Herrmann is sued in his individual capacity. Sgt. Herrmann was involved in the adjudication of the RVR investigation and ratified Officer Santiago's misconduct. Upon information and belief, in a prior investigation, Sgt. Herrmann "vouched" for Santiago's credibility despite evidence of Santiago's misconduct, which resulted in Herrmann being demoted and relieved of his supervisory authority. Sgt. Herrmann is a supervisory defendant.

**21.** Defendant CORRECTIONAL LIEUTENANT J. BARRIOS ("Lt. Barrios") is, and at all times relevant hereto was, employed by CDCR as a Correctional Lieutenant at SATF. Lt. Barrios is a resident of California and acted under color of state law at all times relevant to this Complaint. Lt. Barrios is sued in his individual capacity. Lt. Barrios was involved in the adjudication of the RVR investigation against Plaintiff and ratified Officer Santiago's misconduct. Lt. Barrios is a supervisory defendant.

**22.** Defendant WARDEN BRYAN PHILLIPS ("Warden Phillips") is, and at all times relevant hereto was, employed by CDCR as the Warden of SATF. Defendant Phillips has been reinstated based on his personal knowledge of Santiago's history of evidence tampering and his role in ratifying the biased disciplinary process. Warden Phillips is a resident of California and acted under color of state law at all times relevant to this Complaint. Warden Phillips is sued in his individual capacity. Warden Phillips was the final reviewing authority for SATF's internal affairs and administrative investigations during the period preceding the July 20, 2023 incident. Warden Phillips had personal knowledge of Defendant Santiago's documented history of misconduct—specifically the prior incident involving falsification of a urine analysis (UA) test to maliciously implicate an inmate. Despite this knowledge, Warden Phillips failed to terminate Santiago's employment or implement any heightened supervision or training to prevent future misconduct. Furthermore, Warden Phillips ratified the constitutional violations against Plaintiff by approving the results of the July 20, 2023 Use of Force investigation and the subsequent retaliatory RVR

///

adjudication, despite the obvious procedural violations and the inherent conflict of interest involving Lieutenant Ervin's dual role. Warden Phillips is a supervisory defendant.

**23.** Defendant CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION ("CDCR") is a department of the State of California responsible for operating the state prison system, including SATF. CDCR is sued for vicarious liability under California Government Code § 815.2 for the state law torts committed by its employees acting within the scope of their employment. Since the individual Defendant officers were on duty and performing (or misperforming) their jobs during the search, use of force, and RVR process, CDCR is vicariously liable for their state law torts, including battery, defamation, intentional infliction of emotional distress, and Bane Act violations.

**24.** At all times relevant hereto, each individual Defendant was acting under color of state law within the meaning of 42 U.S.C. § 1983. The acts and omissions of each Defendant were conducted within the scope of their official duties and employment with CDCR.

**25.** Each Defendant is responsible for the acts and omissions alleged herein as a direct participant, co-conspirator, supervisor, or aider and abettor. Each Defendant acted willfully, maliciously, and/or with deliberate indifference to Plaintiff's constitutional rights.

## STATEMENT OF FACTS

### A. The Incident on July 20, 2023

**26.** This action arises out of a use of force incident that occurred on July 20, 2023, at the Substance Abuse Treatment Facility (SATF), a California state prison located in Corcoran, California.

**27.** At the time of the incident, Plaintiff Vincent Alex DeLeon was a state prisoner housed at SATF on D-Yard, Building 4, Cell 104.

**28.** On July 20, 2023, at approximately 9:35 a.m., a routine search of Building 4 (D-4) was being conducted by CDCR staff.

**29.** Defendant Correctional Officer Steven Santiago approached Plaintiff's cell door, Cell 104, kicked the door, and ordered Plaintiff to wake up.

**30.** Defendant Santiago directed Plaintiff to submit to a full strip search through the tray slot on the cell door. Plaintiff fully complied with all of Santiago's orders and directions.

///

**31.** The strip search conducted by Defendant Santiago through the tray slot yielded negative results—no contraband was found on Plaintiff's person or clothing.

**32.** After the strip search, Defendant Santiago secured Plaintiff's wrists in physical restraints (flex cuffs) behind Plaintiff's back. Plaintiff's hands were bound and he posed no physical threat to anyone.

**33.** Defendant Santiago then signaled to the officer in the control booth to open Plaintiff's cell door.

**34.** Once the cell door opened, Defendant Santiago claims he saw Plaintiff retrieve a "bindle" from his bunk area and place it in his mouth. Santiago directed Plaintiff to open his mouth. Plaintiff complied, and the inspection revealed negative results—no bindle or contraband was observed in Plaintiff's mouth.

**35.** Defendant Santiago then claims that Plaintiff attempted to spit the alleged bindle from his mouth and into the toilet. Santiago further claims that he feared for his life, believing Plaintiff may have been attempting to retrieve a "deadly weapon."

**36.** Santiago's claimed fear was objectively unreasonable. Plaintiff was physically restrained with his hands cuffed behind his back. Plaintiff could not have retrieved any weapon or posed any threat to Defendant Santiago or anyone else while in restraints.

**37.** Without justification, without warning, and without any legitimate penological purpose, Defendant Santiago used both of his hands, with the combined strength of his arms and his body weight, to push Plaintiff forward, head first, into the corner of the metal bunk bed in Plaintiff's cell.

**38.** As a direct result of Defendant Santiago's use of force, Plaintiff's forehead struck the metal bunk, causing a large gash that immediately began bleeding profusely.

**39.** Plaintiff sustained serious bodily injuries as a direct and proximate result of Santiago's use of force, including but not limited to: a large laceration to his forehead requiring sutures; traumatic brain injury; loss of consciousness; and permanent cognitive impairment.

**40.** The injury to Plaintiff's head required Plaintiff to be transported to an outside hospital for emergency medical treatment, including stitches to close the wound.

**41.** Subsequent brain scans revealed evidence of brain trauma. Plaintiff has suffered and continues to suffer permanent cognitive impairment as a result of the traumatic brain injury inflicted by Defendant Santiago.

**42.** Following the use of force, no contraband, bindle, or deadly weapon of any kind was found on Plaintiff, in his cell, or in the toilet.

**43.** It is undisputed that Defendant Santiago used physical force against Plaintiff. It is undisputed that Plaintiff was physically restrained with his hands cuffed behind his back at the time force was used. It is undisputed that the injuries sustained by Plaintiff were the direct result of Defendant Santiago's use of force.

**B. False Reports and Cover-Up**

**44.** Immediately following the use of force, Defendant Santiago and his co-Defendants engaged in a coordinated effort to cover up the excessive force and to justify the unjustifiable attack on Plaintiff.

**45.** Defendant Santiago filed false and misleading official reports regarding the incident, including false statements about Plaintiff's alleged conduct and false justifications for the use of force.

**46.** Defendant Sergeant I. Salcedo, who was the immediate supervisor present during the incident and had a duty to supervise Officer Santiago, filed a false official report regarding the incident that supported Santiago's false narrative.

**47.** Defendant Officer N. Bonilla filed a false official report regarding the incident that supported Santiago's false narrative and helped cover up the excessive force.

**48.** Defendant Officer I. Rodriguez filed a false official report regarding the incident that supported Santiago's false narrative and helped cover up the excessive force.

**49.** The false reports filed by Defendants Santiago, Sgt. Salcedo, Bonilla, and Rodriguez were coordinated to provide a consistent false narrative that would justify the excessive force and shield Santiago from accountability.

**C. Retaliatory and Malicious Rules Violation Report**

**50.** In furtherance of the cover-up and in retaliation against Plaintiff, Defendant Santiago filed a Rules Violation Report (RVR) on CDCR Form 115 against Plaintiff, falsely accusing Plaintiff of "Willfully Resisting a Peace Officer in the Performance of Duties" in violation of California Code of Regulations, Title 15, Section 3005(d).

**51.** The RVR was false, malicious, and retaliatory. Plaintiff did not resist Defendant Santiago. Plaintiff complied with all of Santiago's orders and directions. The RVR was filed to justify the unjustified use of force and to retaliate against Plaintiff for being the victim of Santiago's assault.

**52.** Defendant Lieutenant J. Ervin conspired with Defendant Santiago to attempt to justify the use of force through the malicious RVR. Lt. Ervin assumed the role of Incident Commander, making him responsible for

investigating both the use of force by Santiago against Plaintiff and the RVR filed by Santiago against Plaintiff—an inherent conflict of interest that ensured there would be no impartial investigation.

**53.** Defendant Lt. Ervin failed to adequately investigate the use of force by Santiago. Despite clear evidence that Santiago had used excessive and unnecessary force against a restrained inmate, Lt. Ervin failed to hold Santiago accountable and failed to discipline Santiago.

**D. Due Process Violations in RVR Proceedings**

**54.** During the disciplinary proceedings on the RVR, Plaintiff was denied due process of law in violation of the Fourteenth Amendment to the United States Constitution.

**55.** Plaintiff was denied the assistance of an Investigative Employee as required by CDCR regulations and constitutional due process.

**56.** Plaintiff was denied Staff Assistance during the disciplinary hearing.

**57.** Plaintiff was denied the ability to call witnesses in his defense.

**58.** Plaintiff was denied the ability to question or confront his accuser, Defendant Santiago.

**59.** The disciplinary proceedings were a sham designed to rubber-stamp the false charges against Plaintiff and to complete the cover-up of Santiago's excessive force.

**E. Supervisory Ratification of Misconduct**

**60.** Defendants Captain J. Sherman (Facility D Commander), S. Rodriguez, Sergeant J. Herrmann, Lieutenant J. Barrios, and Lieutenant J. Ervin were involved in the adjudication of the RVR investigation against Plaintiff.

**61.** Each of these supervisory Defendants ratified Officer Santiago's misconduct by failing to take appropriate corrective action, by participating in the denial of Plaintiff's due process rights, and by allowing the false and retaliatory RVR to proceed to a finding of guilt against Plaintiff.

**62.** These supervisory Defendants were part of a conspiracy to retaliate against Plaintiff through the malicious RVR and to deny Plaintiff due process during the disciplinary proceedings.

**F. Defendant Santiago's History of Misconduct**

**63.** Defendant Santiago has an extensive and documented history of misconduct, including prior incidents of unnecessary force, excessive force, evidence tampering, filing false reports, and making false accusations against inmates.

**64.** Upon information and belief, in a prior investigation, Defendant Santiago was found to have tampered with evidence in order to intentionally cause a false positive urine analysis (UA) test result, thereby maliciously implicating an inmate for being under the influence of an illicit substance when the inmate was not, in fact, under the influence of any illicit substance.

**65.** Despite this finding of serious misconduct—evidence tampering to frame an inmate—Santiago's supervisors failed to terminate his employment and instead allowed him to continue serving as a sworn peace officer at SATF.

**66.** Upon information and belief, in prior incidents, Defendant Santiago was found to have filed false or misleading reports and to have made false accusations of criminal misconduct against inmates.

**67.** Upon information and belief, in a prior investigation involving Defendant Santiago, Defendant Sergeant J. Herrmann "vouched" for Santiago's credibility despite evidence of Santiago's misconduct. As a result of his conduct in vouching for Santiago, Sgt. Herrmann was demoted and relieved of his supervisory authority.

**68.** Despite these documented instances of misconduct, and despite the demotion of a supervisor who covered for Santiago, CDCR supervisors continued to allow Santiago to work as a correctional officer with direct contact with inmates, failed to implement additional training or supervision, and failed to terminate Santiago's employment.

**G. Supervisory Liability of Warden Bryan Phillips**

**69.** Defendant Warden Bryan Phillips was the final reviewing authority for SATF's internal affairs and administrative investigations during the period preceding the July 20, 2023 incident.

**70.** In this capacity, Warden Phillips had personal knowledge of Defendant Santiago's documented history of evidence tampering—specifically the prior incident involving the falsification of a urine analysis (UA) test to maliciously implicate an inmate.

**71.** Despite this knowledge that Defendant Santiago had a propensity for filing false reports and fabricating evidence, Warden Phillips failed to terminate Santiago's employment or implement any heightened supervision or training to prevent future misconduct.

**72.** Furthermore, Warden Phillips ratified the constitutional violations against Plaintiff by approving the results of the July 20, 2023 Use of Force investigation and the subsequent retaliatory Rules Violation Report (RVR) adjudication.

**73.** Warden Phillips signed off on these proceedings despite the obvious procedural due process violations and the inherent conflict of interest involving Lieutenant J. Ervin's dual role as both the use-of-force investigator and the RVR adjudicator.

**74.** Warden Phillips' failure to act in the face of Santiago's known misconduct history was a moving force and a proximate cause of the excessive force used against Plaintiff and the subsequent conspiracy to cover up said force.

**75.** The Warden's failure to discipline or remove Santiago after his prior documented misconduct was a moving force behind the July 20, 2023, assault on Plaintiff.

**H. Failure of Other Supervisory Defendants to Train, Supervise, and Discipline**

**76.** The other supervisory Defendants—Sgt. Salcedo, Lt. Ervin, Capt. Sherman, Sgt. Herrmann, Lt. Barrios, and S. Rodriguez—knew or should have known of Defendant Santiago's history of misconduct, evidence tampering, and filing false reports.

**77.** Despite this knowledge, these supervisory Defendants failed to adequately train Santiago regarding the proper use of force, failed to adequately supervise Santiago, and failed to discipline Santiago for his prior misconduct.

**78.** The supervisory Defendants' failure to train, supervise, and discipline Santiago, despite knowledge of his propensity for misconduct and excessive force, constituted deliberate indifference to the constitutional rights of inmates at SATF, including Plaintiff.

**79.** As a direct and proximate result of the supervisory Defendants' deliberate indifference, Defendant Santiago was permitted to continue working as a correctional officer and to use excessive force against Plaintiff on July 20, 2023.

**80.** The supervisory Defendants' ratification of Santiago's misconduct after the July 20, 2023 incident—by failing to discipline him, by participating in the cover-up, and by allowing the retaliatory RVR to proceed—further demonstrates their deliberate indifference and their participation in the constitutional violations suffered by Plaintiff.

**H. Failure to Intervene**

**81.** Defendant Sergeant I. Salcedo was the immediate supervisor present during the use of force incident on July 20, 2023.

**82.** Sgt. Salcedo observed or had reason to know that Defendant Santiago was using excessive force against Plaintiff, a restrained inmate who posed no threat.

**83.** Sgt. Salcedo had a realistic opportunity to intervene to prevent the use of excessive force but failed to do so.

**84.** By failing to intervene, Sgt. Salcedo violated Plaintiff's Eighth Amendment rights and is liable for the injuries inflicted by Defendant Santiago.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

Excessive Force in Violation of the Eighth Amendment
42 U.S.C. § 1983
(Against Defendant Santiago)

**85.** Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

**86.** The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. This prohibition applies to the use of force against convicted prisoners and requires that force not be applied maliciously and sadistically for the purpose of causing harm.

**87.** On July 20, 2023, Defendant Santiago, acting under color of state law, used excessive and unnecessary force against Plaintiff by pushing Plaintiff's head into a metal bunk while Plaintiff was restrained with his hands cuffed behind his back.

**88.** Defendant Santiago's use of force was malicious and sadistic. There was no legitimate penological purpose for the force. Plaintiff was restrained and posed no threat. No contraband was ever found. Santiago's claimed fear of a "deadly weapon" while Plaintiff's hands were cuffed behind his back was objectively unreasonable.

**89.** As a direct and proximate result of Defendant Santiago's excessive force, Plaintiff suffered serious bodily injuries including traumatic brain injury, lacerations, and permanent cognitive impairment.

**90.** Defendant Santiago's conduct violated clearly established Eighth Amendment rights. It was clearly established at the time of the incident that using significant force against a restrained, compliant inmate who poses no threat constitutes excessive force.

**91.** Defendant Santiago is not entitled to qualified immunity because his conduct violated clearly established constitutional rights that a reasonable officer would have known.

## SECOND CAUSE OF ACTION

Failure to Intervene in Violation of the Eighth Amendment
42 U.S.C. § 1983
(Against Defendant Sgt. Salcedo)

**92.** Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

**93.** An officer who has a realistic opportunity to intervene to prevent a fellow officer from using excessive force but fails to do so may be held liable under § 1983.

**94.** Defendant Sgt. Salcedo was present during the July 20, 2023 incident as the immediate supervisor of Defendant Santiago.

**95.** Sgt. Salcedo observed or had reason to know that Santiago was using excessive force against Plaintiff, a restrained inmate.

**96.** Sgt. Salcedo had a realistic opportunity to intervene to prevent the excessive force but failed to do so.

**97.** As a direct and proximate result of Sgt. Salcedo's failure to intervene, Plaintiff suffered serious bodily injuries.

**98.** Sgt. Salcedo is not entitled to qualified immunity because his failure to intervene violated clearly established constitutional rights.

## THIRD CAUSE OF ACTION

Supervisor Liability for Failure to Train, Supervise, and Discipline
42 U.S.C. § 1983
(Against Defendants Warden Bryan Phillips, Lt. Ervin, Capt. Sherman,
Sgt. Salcedo, Sgt. Herrmann, and Lt. Barrios)

**99.** Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

**100.** A supervisor may be held liable under § 1983 if the supervisor knew of violations and failed to act, was deliberately indifferent to the need for training or supervision, or implemented a policy so deficient as to be unconstitutional.

**101.** Defendant Warden Bryan Phillips had personal knowledge of Defendant Santiago's extensive documented history of misconduct, including the specific finding that Santiago tampered with evidence to frame an inmate.

**102.** Despite this specific knowledge, Defendant Philips fail to terminate Santiago or implement any

///

corrective training or supervision, which constituted deliberate indifference to the safety and constitutional rights of inmates, including Plaintiff.

**103.** Defendant Phillips further ratified the misconduct of the other Defendants by approving the results of a biased and conflicted disciplinary process that denied Plaintiff due process.

**104.** The other supervisory Defendants—Lt. Ervin, Capt. Sherman, Sgt. Salcedo, Sgt. Herrmann, and Lt. Barrios—also knew or should have known of Santiago's propensity for misconduct and failed to act.

**105.** These supervisory Defendants ratified Santiago's unconstitutional conduct by participating in the cover-up and allowing the retaliatory RVR to proceed to a finding of guilt despite known procedural deficiencies.

**106.** As a direct and proximate result of the deliberate indifference and ratification by Warden Phillips and the other supervisory Defendants, Plaintiff suffered the constitutional violations and serious bodily injuries alleged herein.

**FOURTH CAUSE OF ACTION**
Fabrication of Evidence / Filing False Reports
42 U.S.C. § 1983
(Against Defendants Santiago, Sgt. Salcedo, Bonilla, and Rodriguez)

**107.** Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

**108.** A person's constitutional right to be free from the deliberate fabrication of evidence by government officials is clearly established. Fabricating evidence that is used to deprive a person of liberty violates the Fourteenth Amendment.

**109.** Defendants Santiago, Sgt. Salcedo, Bonilla, and Rodriguez filed false official reports regarding the July 20, 2023 incident, fabricating a false narrative to justify the excessive force used against Plaintiff.

**110.** The false reports were coordinated among the Defendants to ensure a consistent false narrative.

**111.** The fabricated evidence was used to prosecute Plaintiff through the retaliatory RVR, resulting in a deprivation of Plaintiff's liberty interest (discipline, loss of privileges, and/or good-time credits).

**112.** As a direct and proximate result of the Defendants' fabrication of evidence, Plaintiff suffered constitutional deprivations and damages.

**FIFTH CAUSE OF ACTION**
First Amendment Retaliation
42 U.S.C. § 1983
(Against Defendants Santiago and Lt. Ervin)

///

**113.** Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

**114.** The First Amendment protects prisoners from retaliation for engaging in protected conduct, including filing grievances and pursuing legal remedies.

**115.** Defendant Santiago filed the false and malicious RVR against Plaintiff in retaliation for being the victim of Santiago's excessive force and for Plaintiff's anticipated grievances and legal action.

**116.** Defendant Lt. Ervin conspired with Santiago to prosecute the retaliatory RVR and to deny Plaintiff due process in the disciplinary proceedings.

**117.** The filing of a false RVR and the prosecution of disciplinary charges against Plaintiff constitute adverse actions that would chill a person of ordinary firmness from engaging in protected First Amendment activity.

**118.** As a direct and proximate result of the Defendants' retaliation, Plaintiff suffered constitutional deprivations and damages.

**SIXTH CAUSE OF ACTION**
Due Process Violations
42 U.S.C. § 1983
(Against Defendants Lt. Ervin, Capt. Sherman, S. Rodriguez, Sgt. Herrmann, Lt. Barrios)

**119.** Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

**120.** The Fourteenth Amendment guarantees procedural due process before a prisoner may be deprived of a protected liberty interest, including in prison disciplinary proceedings that may result in loss of good-time credits or placement in segregation.

**121.** During the disciplinary proceedings on false RVR filed by Defendant Santiago, Plaintiff was denied due process of law, including: denial of the assistance of an Investigative Employee; denial of Staff Assistance; denial of the ability to call witnesses; and denial of the ability to question or confront his accuser.

**122.** Defendants Lt. Ervin, Capt. Sherman, S. Rodriguez, Sgt. Herrmann, and Lt. Barrios were involved in the adjudication of the RVR and participated in the denial of Plaintiff's due process rights.

**123.** As a direct and proximate result of the due process violations, Plaintiff suffered constitutional deprivations and damages, including but not limited to disciplinary sanctions, loss of privileges, and stigmatization.

///

**SEVENTH CAUSE OF ACTION**
Civil Rights Conspiracy
42 U.S.C. § 1985(3) and § 1983
(Against All Individual Defendants)

**124.** Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

**125.** A conspiracy exists when two or more persons agree to deprive a person of their constitutional rights and an overt act is committed in furtherance of the conspiracy.

**126.** Defendants Santiago, Warden Phillips, Sgt. Salcedo, Bonilla, Rodriguez, Lt. Ervin, Capt. Sherman, S. Rodriguez, Sgt. Herrmann, and Lt. Barrios entered into an agreement to deprive Plaintiff of his constitutional rights by: using excessive force against Plaintiff; filing coordinated false reports to cover up the excessive force; filing a retaliatory RVR against Plaintiff; denying Plaintiff due process in the disciplinary proceedings; and ratifying Santiago's unconstitutional conduct.

**127.** Overt acts in furtherance of the conspiracy include: Santiago's use of excessive force; the filing of false reports by Santiago, Sgt. Salcedo, Bonilla, and Rodriguez; the filing of the retaliatory RVR; the assumption of conflicting roles by Lt. Ervin; the approval and ratification of the biased investigation by Warden Phillips; and the denial of due process in the disciplinary proceedings.

**128.** As a direct and proximate result of the conspiracy, Plaintiff suffered constitutional deprivations and damages.

**EIGHTH CAUSE OF ACTION**
Failure to Prevent Conspiracy
42 U.S.C. § 1986
(Against Supervisory Defendants)

**129.** Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

**130.** Under 42 U.S.C. § 1986, any person who has knowledge that wrongs conspired to be done as mentioned in § 1985 are about to be committed, and having the power to prevent or aid in preventing the same, neglects or refuses to do so, is liable to the party injured.

**131.** The supervisory Defendants, including Warden Phillips, had knowledge of the conspiracy to cover up Santiago's excessive force and to retaliate against Plaintiff through false reports and the malicious RVR.

**132.** The supervisory Defendants had the power to prevent the conspiracy but neglected and refused to do so.

**133.** As a direct and proximate result, Plaintiff suffered damages.

**NINTH CAUSE OF ACTION**
Violation of the Tom Bane Civil Rights Act
California Civil Code § 52.1
(Against All Individual Defendants)

**134.** Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

**135.** California Civil Code § 52.1 (the "Bane Act") provides a cause of action against any person who interferes, or attempts to interfere, by threats, intimidation, or coercion, with the exercise or enjoyment of rights secured by the Constitution or laws of the United States or the Constitution or laws of California.

**136.** Defendants interfered with Plaintiff's constitutional rights—including his Eighth Amendment right to be free from cruel and unusual punishment, his First Amendment right to be free from retaliation, and his Fourteenth Amendment right to due process—through violence, threats, intimidation, and coercion.

**137.** In committing the acts alleged herein, Defendants acted with the specific intent to interfere with Plaintiff's exercise and enjoyment of his constitutional and statutory rights.

**138.** Defendant Santiago used physical violence—slamming Plaintiff's head into a metal bunk while Plaintiff was restrained—to interfere with Plaintiff's Eighth Amendment rights. Under California law, the use of excessive force is considered a form of "coercion" sufficient to satisfy the Bane Act's requirements.

**139.** All Defendants used threats, intimidation, and coercion—including the filing of coordinated false reports and the malicious prosecution of a retaliatory RVR—to interfere with Plaintiff's constitutional rights and to silence Plaintiff's complaints regarding the use of force.

**140.** As amended effective January 1, 2022, Civil Code § 52.1(n) provides that the immunity for injury to prisoners under Government Code § 821.6 does not apply to Bane Act claims against peace officers or custodial officers.

**141.** Additionally, pursuant to California Senate Bill 551 (2025-2026), California has adopted the "Principle of Normality," which mandates that prison conditions should not "aggravate the suffering inherent in imprisonment" except when necessary for discipline. The unprovoked assault by Defendant Santiago and the subsequent conspiracy to cover up the assault violated this statutory principle of dignity and humane treatment.

**142.** As a direct and proximate result of Defendants' violations of the Bane Act, Plaintiff suffered damages.

///

**143.** Plaintiff is entitled to actual damages, statutory damages of at least $4,000 per violation pursuant to Civil Code § 52(a), punitive damages, and attorney's fees and costs pursuant to Civil Code § 52.1(i).

**TENTH CAUSE OF ACTION**
Battery
California Common Law
(Against Defendant Santiago)

**144.** Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

**145.** Under California law, battery is the intentional and wrongful physical contact with a person without that person's consent, resulting in injury or offensive touching.

**146.** On July 20, 2023, Defendant Santiago intentionally and wrongfully made physical contact with Plaintiff by pushing Plaintiff's head into a metal bunk.

**147.** Plaintiff did not consent to the contact.

**148.** The contact was harmful and offensive, and caused serious bodily injury to Plaintiff.

**149.** As a direct and proximate result of Defendant Santiago's battery, Plaintiff suffered damages.

**ELEVENTH CAUSE OF ACTION**
Intentional Infliction of Emotional Distress
California Common Law
(Against All Individual Defendants)

**150.** Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

**151.** Under California law, a defendant is liable for intentional infliction of emotional distress when: (1) the defendant engages in extreme and outrageous conduct; (2) with the intent to cause, or reckless disregard of the probability of causing, emotional distress; (3) the plaintiff suffers severe emotional distress; and (4) the defendant's conduct was a substantial factor in causing the plaintiff's severe emotional distress.

**152.** The conduct of Defendants—including the use of excessive force against a restrained inmate, the filing of coordinated false reports, the prosecution of a retaliatory RVR, and the denial of due process—was extreme and outrageous, exceeding all bounds of decency tolerated in a civilized society.

**153.** Defendants acted with intent to cause, or reckless disregard of the probability of causing, severe emotional distress to Plaintiff.

**154.** Plaintiff has suffered and continues to suffer severe emotional distress as a result of Defendants' conduct, including but not limited to anxiety, fear, humiliation, depression, and post-traumatic stress.

155. Defendants' conduct was a substantial factor in causing Plaintiff's severe emotional distress.

**TWELFTH CAUSE OF ACTION**
Defamation
California Common Law
(Against Defendants Santiago, Sgt. Salcedo, Bonilla, and Rodriguez)

156. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

157. Under California law, defamation consists of: (1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damages.

158. Defendants Santiago, Sgt. Salcedo, Bonilla, and Rodriguez published false statements in their official reports and in the RVR, including false statements that Plaintiff "willfully resist[ed] a Peace Officer in the performance of duties" and other false statements justifying the use of force.

159. By falsely accusing Plaintiff of "Willfully Resisting a Peace Officer," the Defendants accused Plaintiff of a crime. This constitutes defamation per se under California law.

160. Under California law, when someone is falsely accused of a crime in writing (libel per se), damages are presumed. Plaintiff is not required to prove the precise dollar amount of reputational harm to recover damages.

161. The false statements were published to third parties, including supervisors, investigators, personnel involved in the disciplinary process, and other CDCR staff.

162. Although Defendants may claim their reports are "privileged" because they are part of their official duties, this qualified privilege is defeated by actual malice. The false statements were made with actual malice—knowledge of falsity or reckless disregard for the truth. Defendants knew that Plaintiff had not resisted and that their statements were false when they wrote them.

163. As a direct and proximate result of the defamation, Plaintiff suffered damages to his reputation, stigmatization within the prison system, and other injuries.

**THIRTEENTH CAUSE OF ACTION**
Vicarious Liability / Respondeat Superior
California Government Code § 815.2
(Against Defendant CDCR)

164. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

165. California Government Code § 815.2(a) provides that a public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of employment if the act or omission would have given rise to a cause of action against the employee.

**166.** At all times relevant hereto, the individual Defendants were employees of CDCR acting within the scope of their employment.

**167.** The individual Defendant officers were on duty and performing (or misperforming) their jobs during the search, use of force, and RVR process. The state law torts committed by the individual Defendants arose directly from these employment activities.

**168.** The state law torts committed by the individual Defendants—including battery (Tenth Cause of Action), intentional infliction of emotional distress (Eleventh Cause of Action), defamation per se (Twelfth Cause of Action), and Bane Act violations (Ninth Cause of Action)—give rise to causes of action against those employees.

**169.** CDCR is therefore vicariously liable under the doctrine of respondeat superior for the injuries and damages suffered by Plaintiff as a result of the individual Defendants' tortious conduct within the scope of their employment.

**170.** Plaintiff notes that CDCR is not vicariously liable for the federal 42 U.S.C. § 1983 civil rights violations; only the individual officers are liable for those claims. However, CDCR's vicarious liability for state law torts provides an important and independent basis for recovery.

## DAMAGES

**171.** As a direct and proximate result of the acts and omissions of Defendants, Plaintiff has suffered and continues to suffer damages, including but not limited to the following:

**A. Compensatory Damages**

a. Past and future medical expenses, including but not limited to emergency medical treatment, hospital care, sutures, brain scans, neurological treatment, rehabilitation, and ongoing treatment for traumatic brain injury;

b. Past and future pain and suffering, including physical pain from the head laceration and traumatic brain injury;

c. Permanent cognitive impairment and diminished quality of life resulting from traumatic brain injury;

d. Past and future mental and emotional distress, including anxiety, fear, depression, humiliation, and post-traumatic stress disorder;

e. Loss of liberty resulting from wrongful disciplinary sanctions imposed through the retaliatory RVR;

f. Loss of good-time credits and/or other privileges;

g. Damage to reputation from false accusations of resisting a peace officer;

h. Stigmatization within the prison system;

i. Loss of educational, programming, and vocational opportunities;

j. All other compensatory damages according to proof at trial.

**B. Punitive Damages**

**172.** The conduct of Defendants was willful, wanton, malicious, and in conscious disregard of Plaintiff's constitutional rights. Defendants are therefore liable for punitive damages in an amount sufficient to punish Defendants and to deter similar conduct in the future. Plaintiff seeks punitive damages against each individual Defendant in an amount to be determined at trial.

**C. Statutory Damages**

**173.** Pursuant to California Civil Code § 52(a), Plaintiff is entitled to statutory damages of at least $4,000 for each violation of the Bane Act (Civil Code § 52.1).

**D. Nominal Damages**

**174.** To the extent that Plaintiff cannot prove actual damages for any constitutional violation, Plaintiff is entitled to nominal damages to vindicate his constitutional rights.

**E. Attorney's Fees and Litigation Costs**

**175.** Pursuant to 42 U.S.C. § 1988 and California Civil Code § 52.1(i), Plaintiff is entitled to recover reasonable attorney's fees and litigation costs from Defendants as the prevailing party on his federal and state civil rights claims. Although Plaintiff currently proceeds pro se, Plaintiff reserves the right to seek attorney's fees for any counsel who may appear on his behalf.

**176.** Plaintiff is entitled to recover costs of suit pursuant to Federal Rule of Civil Procedure 54(d) and applicable California law.

**F. Declaratory Relief**

**177.** Pursuant to 28 U.S.C. § 2201, Plaintiff seeks a declaration that Defendants' conduct violated his rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as his rights under California law.

///

///

**G. Injunctive Relief**

**178.** Plaintiff seeks injunctive relief requiring Defendants to expunge all references to the false and retaliatory RVR from Plaintiff's central file and disciplinary record.

**179.** Plaintiff seeks injunctive relief restoring any good-time credits or privileges lost as a result of the wrongful disciplinary proceedings.

**180.** Plaintiff seeks injunctive relief requiring CDCR to implement policies and training to prevent similar constitutional violations in the future.

**H. Other Relief**

**181.** Plaintiff seeks all other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

**182.** Pursuant to the Seventh Amendment to the United States Constitution and Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Vincent Alex DeLeon respectfully prays that this Court:

1. Accept jurisdiction over this action;

2. Enter judgment in favor of Plaintiff and against all Defendants—including Warden Bryan Phillips, Steven Santiago, Sgt. I. Salcedo, N. Bonilla, I. Rodriguez, Lt. J. Ervin, Capt. J. Sherman, S. Rodriguez, Sgt. J. Herrmann, Lt. J. Barrios, and CDCR—on all applicable causes of action;

3. Award Plaintiff compensatory damages against all Defendants, jointly and severally, in an amount to be proven at trial;

4. Award Plaintiff punitive damages against each individual Defendant in an amount sufficient to punish and deter;

5. Award Plaintiff statutory damages of at least $4,000 for each Bane Act violation pursuant to California Civil Code § 52(a);

6. Award Plaintiff nominal damages for any constitutional violation for which actual damages cannot be proven;

7. Award Plaintiff reasonable attorney's fees and litigation costs pursuant to 42 U.S.C. § 1988 and California Civil Code § 52.1(i);

8. Award Plaintiff costs of suit;

9. Enter declaratory judgment that Defendants violated Plaintiff's constitutional and statutory rights;

10. Enter injunctive relief expunging the false RVR from Plaintiff's record and restoring lost credits and privileges;

11. Enter such other and further relief as the Court deems just and proper.

Dated: 2 / 4, 2026

Respectfully submitted,

VINCENT ALEX DeLEON
CDCR #BA2490
CSP Corcoran
P.O. Box 3461
Corcoran, CA 93212-3461

*Plaintiff, Pro Se*

## VERIFICATION

I, Vincent Alex DeLeon, am the Plaintiff in this action. I have read the foregoing Third Amended Complaint and know its contents. The matters stated therein are true of my own knowledge, except as to those matters stated on information and belief, and as to those matters, I believe them to be true.

///

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 2 / 4, 2026, at Corcoran, California.

VINCENT ALEX DeLEON
Plaintiff

VINCENT ALEX DeLEON
CDCR #BA2490
CSP Corcoran
P.O. Box 3461
Corcoran, CA 93212-3461

*Plaintiff, Pro Se*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRIC OF CALIFORNIA**

**FRESON DIVISION**

| | |
|---|---|
| VINCENT ALEX DeLEON,<br>Plaintiff,<br>vs.<br><br>STEVEN SANTIAGO, et al<br>Defendants. | **Case No.: 1:24-cv-00234-KES-EPG**<br><br>**PROOF OF SERVICE** |

I, Vincent Alex DeLeon, declare:

I am over the age of 18 years and am a party to this action. My address is CSP, Corcoran, P.O. Box 3461, Corcoran, CA 93212-3461.

On 2, 4 __________, 2026, I served the following documents:

1. Plaintiff's Motion for Leave to File Third Amended Complaint;

2. Memorandum of Points and Authorities in Support Thereof;

3. Declaration of Vincent Alex DeLeon;

4. [Proposed] Order Granting Plaintiff's Motion for Leave to File Third Amended Complaint;; and

5. Third Amended Complaint (Lodged as an attachment to the Motion)

on the following party by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Corcoran, California, addressed as follows:

Office of the Attorney General

Attn: Counsel for Defendant Steven Santiago

1300 I Street, Suite 125

Sacramento, CA 94244-2550

The Office of the Attorney General currently represents Defendant Steven Santiago in this matter and is anticipated to represent Warden Bryan Phillips and the other proposed CDCR employee defendants, as all were

acting within the scope of their employment with the California Department of Corrections and Rehabilitation at all relevant times.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 2/4, 2026, at Corcoran, California.

VINCENT ALEX DeLEON